UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROUND ONE ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | Case No. C25-1693RSM<br><br><br>ORDER GRANTING MOTION TO DISMISS |

## I.    INTRODUCTION

This matter comes before the Court on Defendant U.S. Specialty Insurance Company ("U.S. Specialty")'s Motion to Dismiss, Dkt. #15.  U.S. Specialty argues against coverage for its insured, Round One Entertainment, Inc. ("Round One"), to defend and indemnify an underlying state court action brought by a class of plaintiffs alleging violations of the Washington Equal Pay and Opportunities Act.  Round One has filed an opposition arguing that the insurance policy at issue ("Policy") provides coverage for claims of discrimination and that this statute was intended to combat a discriminatory practice.  Dkt. #18.[1]  Neither party

---

[1] Round One has also filed a Motion to Certify State Law Questions to the Washington Supreme Court.  Dkt. #19.  Consistent with this Order, the Court finds that Round One's proposed questions do not involve a controlling

ORDER GRANTING MOTION TO DISMISS - 1

requests oral argument. For the reasons stated below, the Court GRANTS U.S. Specialty's Motion.

## II.    BACKGROUND

For purposes of this 12(b)(6) Motion, the Court will accept all facts in the Amended Complaint, Dkt. #1-3, as true. The Court will briefly summarize the relevant facts.

Round One seeks a declaratory judgment and alleges breach of contract, insurance bad faith, and violations of Washington's Insurance Fair Conduct Act and Consumer Protection Act against its insurer, U.S. Specialty, for failure to defend and indemnify in connection with an underlying lawsuit in Pierce County Superior Court for violation of the Washington Equal Pay and Opportunities Act, RCW 49.58.005 *et seq.* Under "Findings—Intent," this statute states:

> 1) The legislature finds that despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington, especially women and workers in other protected classes. Income disparities limit the ability of these workers to provide for their families, leading to higher rates of poverty among women and children and workers in other protected classes. The legislature finds that in order to promote fairness among workers, employees must be compensated equitably. Further, policies that encourage retaliation or discipline towards workers who discuss or inquire about compensation prevent workers from moving forward.

> (2) The legislature intends to update the existing Washington state equal pay act, not modified since 1943, to address income disparities, employer discrimination, and retaliation practices, and to reflect the equal status of all workers in Washington state.

> (3) The legislature finds that:
> (a) The long-held business practice of inquiring about salary history has contributed to persistent earning inequalities;
> (b) Historically, women have been offered lower initial pay than men for the same jobs even where their levels of education and experience are the same or comparable; and

question of state law that is not settled, but rather an interpretation of the Policy under existing settled insurance law. Accordingly, that Motion will be denied.

ORDER GRANTING MOTION TO DISMISS - 2

(c) Lower starting salaries translate into lower pay, less family income, and more children and families in poverty.

(4) The legislature therefore intends to follow multiple other states and take the additional step towards gender equality by prohibiting an employer from seeking the wage or salary history of an applicant for employment in certain circumstances. Further, the legislature intends to require an employer to provide wage and salary information to applicants and employees.

RCW § 49.58.005.

On April 1, 2025, Round One was sued in a putative class action complaint alleging that it violated the Washington Equal Pay and Opportunities Act by failing to disclose the wage scale or salary range to job applicants in Washington State.  Round One sought coverage.  U.S. Specialty denied coverage and refused to defend or indemnify.

The putative class action alleges that Round One posted jobs without a wage scale or salary range, and that the job postings had an open-ended wage posting with a minimum amount but no maximum.  *See* #15-2 ("Class Action Compl."), ¶ 18.  The putative class action discusses the purpose of the Washington Equal Pay and Opportunities Act and general research and press on the issue.  *Id*. at ¶¶ 2–8.  As part of that general discussion, it states that "[p]ay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or equitable compensation or, if the employee suspects discrimination, to initiate an enforcement action."  *Id*. at ¶ 5.  Later, the putative class action alleges that "Class members are victims of Defendant's discriminatory hiring practices… prohibited by [the Wage Transparency Statute]."  *Id.* at ¶ 20.

U.S. Specialty issued insurance policy number 14-MGU-24-A59150 to Round One, with a policy period of August 1, 2024, to August 1, 2025 ("the Policy").  *See* Dkt. #15-1.  The Policy has an Employment Practices Coverage Section that states the Insurer will pay for

ORDER GRANTING MOTION TO DISMISS - 3

"Employment Practices Wrongful Acts." *Id*. at 36. Employment Practices Wrongful Act is defined as "any Discrimination, Retaliation, Sexual Harassment, Workplace Harassment, Workplace Tort, Wrongful Termination, violation of the Family and Medical Leave Act or Internet/Social Media Violation" committed against an employee or applicant for employment under certain conditions not at issue. *Id*. According to the Policy:

> **Discrimination** means:
>
> (1) any failure or refusal to hire, failure or refusal to promote, demotion or discharge of, or wrongful failure to grant tenure to, any natural person, or
>
> (2) any limitation, segregation or classification of any **Employee** or applicant for employment in a way that would deprive or tend to deprive him or her of employment opportunities or otherwise adversely affect his or her status as an **Employee**,
>
> based on such person's race, color, age, sex, disability, pregnancy, sexual orientation or preference, national origin, religion or other status that is protected pursuant to any applicable federal, state, local or foreign law....

*Id*. (emphasis in original).

### III.    DISCUSSION

#### A.  Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met

ORDER GRANTING MOTION TO DISMISS - 4

when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

The parties disagree about whether Washington or California law applies to this case. Round One argues that Washington law applies; U.S. Specialty disagrees but believes there is no material conflict between the laws of these two states. *See* Dkt. #15 at 6; Dkt. #18 at 7.  The Court will apply Washington law.

In Washington, the standard for interpreting insurance contracts is well-settled. *Canal Ins. Co. v. YMV Transp., Inc.*, 867 F. Supp. 2d 1099, 1104 (W.D. Wash. 2011). "Interpretation of insurance policies is a question of law and the policy is construed as a whole with the court giving force and effect to each clause in the policy." *Id*. (citing *American Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874, 854 P.2d 622 (1993)).  The words of an insurance policy should be construed according to their ordinary meaning, according to how an average person would read the terms, as opposed to applying any technical interpretation. *Id*.  If the provisions of an insurance contract are unambiguous and easily comprehended, the intent expressed in the policy will be enforced regardless of the intent of the parties. *Jeffries v. General Cas. Co. of*

*America*, 46 Wn.2d 543, 283 P.2d 128 (1955).  But if an insurance contract is ambiguous "and fairly susceptible of two different conclusions, the one will be adopted most favorable to the insured." *Guaranty Trust Co. v. Continental Life Ins. Co.*, 159 Wash. 683, 294 P. 585 (1930).

"To determine whether an insurer has a duty to defend, courts look to 'the eight corners' of the insurance contract and the underlying complaint." *Homesite Ins. Co. v. Schlackman*, 671 F. Supp. 3d 1205, 1212 (W.D. Wash. 2023).

U.S. Specialty argues that this case should be dismissed with prejudice because the Policy does not cover the underlying state court action, because that action "is not a Claim for 'Discrimination.'"  Dkt. #15 at 7. Discrimination appears to be the only type of covered Employment Practices Wrongful Act at issue.

U.S. Specialty argues that the putative class action is for a violation of "a strict liability statute" that does not require proof of discrimination.  Dkt. #15 at 9 (citing RCW § 49.58.110; *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1071 (W.D. Wash. 2024); *Floyd v. Insight Glob. LLC*, No. 23-CV-1680-BJR, 2024 WL 2133370, at *8 (W.D. Wash. May 10, 2024)). It contends that the putative class "neither alleges nor attempts to prove that any class member was discriminated against, even in general, by Round One." *Id.*  Turning to the Policy's definition of Discrimination, U.S. Specialty maintains that the Policy requires a "specific adverse action," not just discrimination in general, and that the putative class action alleges no adverse action listed in the Policy. *Id* at 9–10.  Furthermore, the putative class action does not base its cause of action on the protected status of any class member because the class includes all applicants regardless of membership in any protected class. *Id*. at 10 ("There is simply no alleged causal relationship between the protected status of any class member and the alleged

ORDER GRANTING MOTION TO DISMISS - 6

violation of the Wage Transparency Statute."). U.S. Specialty argues for dismissal and that that leave to amend would be futile. *Id*. at 11.

In response, Round One argues that the Policy's definition of Discrimination is "quite broad" and that "limitation" in the definition could apply to the putative class action because "[t]he failure to provide salary and benefit information that the applicant is entitled to is just such a limitation." Dkt. #18 at 8–9. Round One argues that the limitation here is "based on such person's race, color, age, sex, disability, pregnancy, sexual orientation or preference, national origin, religion or other status that is protected pursuant to any applicable federal, state, local or foreign law," as required by the Policy, because "the statute explicitly states that the "gap in wages and advancement opportunities" it aims to remedy affects "especially women and workers in other protected classes." *Id*. at 11 (citing RCW § 49.58.005(1)). Round One analogizes this to successful disparate impact discrimination cases in Washington State. *Id*. at 11–12. Round One argues that the statute protects "job applicants" as a status and that this qualifies under the Policy's definition of discrimination above. *Id*. at 13–14.

On Reply, U.S. Specialty reiterates that the Washington Equal Pay and Opportunities Act is a strict liability statute and states that the "putative class is neither attempting nor required to prove (1) any adverse employment action by Round One, (2) the protected status of any class member, or (3) that a causal connection exists between any protected status and any adverse action by Round One." Dkt. #21 at 1–2. Again, the Reply brief points out that the putative class action seeks relief for all individuals who applied regardless of protected status. U.S. Specialty argues that "job applicant" cannot be a protected status under the Policy because it is not a status similar to other enumerated statuses in the Policy and because, again, the Washington Equal Pay and Opportunities Act is a strict liability statute. *Id*. at 5–6.

ORDER GRANTING MOTION TO DISMISS - 7

The Court agrees with U.S. Specialty's interpretation of the Policy. The underlying action alleges Round One violated the Washington Equal Pay and Opportunities Act, which was clearly drafted to combat a discriminatory practice. However, the putative class action itself does not allege that Round One engaged in discrimination as defined in the Policy. The provisions here are unambiguous. "Job applicants" is not an "other status" under the Policy. The putative class action does not allege that Round One refused to hire or placed a limitation on members of the class "based on" membership in a protected status. *See* Dkt. #15-2. To the contrary, the single cause of action in the putative class action alleges that Round One "did not disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered in its job postings" without listing any possible bases why that would be so. *See* Dkt. #15-2 at ¶ 33. An earlier mention of "discriminatory hiring practices" in the putative class action does not equate to Discrimination as defined in the Policy. The class is defined as "*all* individuals who… applied for a job opening in the State of Washington with Defendant…" *Id*. at ¶ 22 (emphasis added). According to the cause of action, when these class members "applied for job openings with Defendant…. Defendant violated RCW 49.58.110(1)." *Id*. at ¶ 34. Accordingly, the underlying action uses the word "discrimination" but does not allege Discrimination as defined in the Policy. Round One points to no other basis for coverage. Without coverage, dismissal of all of Round One's claims is appropriate under Rule 12(b)(6). To the extent necessary, the Court finds that denial of coverage was reasonable.

The Court finds that the above deficiencies are legal in nature and cannot possibly be cured by additional facts consistent with the existing pleading. The Court will therefore dismiss these causes of action without leave to amend.

ORDER GRANTING MOTION TO DISMISS - 8

## IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant U.S. Specialty's Motion to Dismiss under Rule 12(b)(6), Dkt. #15, is GRANTED.  Plaintiff's claims are DISMISSED.  All other pending motions are STRICKEN as MOOT.  This case is CLOSED.

DATED this 21st day of April, 2026.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 9